IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGG LANE SNYDER,                )
                                  )
    Plaintiff,                    )
                                  )
  -vs-                            )  Civil Action No. 17-725
                                  )
NANCY A. BERRYHILL,[1]            )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
    Defendant.                    )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Gregg Lane Snyder ("Snyder") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying his claim for supplemental social security ("SSI"). He alleges a disability beginning on December 1, 2004. (R. 17) Following a hearing before an ALJ, during which time both Snyder and a vocational expert ("VE") testified, the ALJ denied his claim. Snyder appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [9] and [13].

### Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

  To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. The ALJ's Analysis

At step one, the ALJ found that Snyder had not engaged in substantial gainful activity since September 26, 2013, the application date. (R. 19) At step two, the ALJ concluded that Snyder has the following severe impairments: asthma, h/o ADHD, schizophrenia, depression, bipolar disorder, mood disorder, anxiety disorder, panic disorder, personality disorder, and h/o polysubstance abuse. (R. 19) The ALJ

referenced some other conditions such as lumbago, hyperlipidemia, and Hepatitis C, but found that they did not constitute "severe impairments." (R. 19-20)

At step three, the ALJ concluded that Snyder does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listings 3.03 (asthma), 12.02, 12.03, 12.04, 12.05, 12.06, 12.08 and 12.09 (mental impairments). (R. 20-22).

Prior to engaging in step four, the ALJ assessed Snyder's residual functional capacity ("RFC").[2] He found Snyder able to perform the full range of light work at all exertional levels with certain restrictions. (R. 22-27) At step four, the ALJ determined that Snyder had no past relevant work. (R. 27)

Finally, at step five, the ALJ found that, considering Snyder's age, education, work experience, and RFC, there are significant numbers of jobs in the national economy that Snyder can perform. (R. 27-28) For instance, the ALJ explained that Snyder would be able to perform the requirements of representative occupations such as floor waxer, cleaner II, and photocopy machine operator. (R. 28)

    3.  <u>Step Two – Borderline Intellectual Functioning as a Severe Impairment</u>

Snyder challenges the ALJ's finding at Step Two. He believes that the ALJ erred by not considering Plaintiff's borderline intellectual functioning as a "severe impairment." *See* ECF Docket No. 10, p. 17. I disagree. A review of the record reveals that the ALJ

---

[2] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

4

did, in fact, consider Snyder's intellectual ability at Step Two. Indeed, the ALJ explained that he found Snyder's "intellectual ability is not a severe impairment." (R. 20) (referring both to a psychological examination in 1985 indicating that Snyder is of average intelligence and to his activities of daily living). I reject any suggestion that the ALJ was required to use the particular phrase "borderline intellectual functioning." The ALJ's reference to Snyder's intellectual ability is sufficient. Further, "the mere fact that the ALJ did not include Plaintiff's alleged borderline intellectual functioning as a severe impairment does not in itself warrant remand. The Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *McWhinney v. Colvin*, Civ. No. 16-1144, 2017 WL 4167612, * 1 n. 1 (W.D. Pa. Sept. 20, 2017), *citing*, *Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). "In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe". McWhinney, 2017 WL 4167612, at *1 n.1, *citing*, *Salles v. Comm'r. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 6-5167, 2007 WL 1101281, at * 3 n. 5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 5-104, 2006 WL 1073076, at * 3 (W.D. Pa. March 27, 2006). Here, because Snyder's claim was not denied at Step Two, I find there to be no error.[3]

    4. <u>Step Three – Listing 12.03C - Schizophrenia</u>

---

[3] Similarly, to the extent that Snyder challenges the RFC finding as inaccurate because the ALJ did not find Snyder's intellectual ability to constitute a "severe impairment" at Step Two, I find such an argument unpersuasive. It is clear that the ALJ considered Snyder's intellectual ability when formulating the RFC. (R. 24)

Snyder also takes issue with the ALJ's findings at Step Three. Specifically, Snyder believes the ALJ should have found him to be disabled under Listing 12.03C which addresses, *inter alia*, schizophrenia. Listing 12.03 provides, in relevant part:

> 12.03 Schizophrenia Spectrum and Other Psychotic Disorders: Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
> …
> C.  Medically documented history of chronic schizophrenia, paranoia, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support and one of the following:
> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or changes in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpt. P, Appendix 1.[4] According to Snyder, comments in the Physician's Report submitted by Dr. Last satisfy the criteria set forth in 12.03C(3). Dr. Last indicates that Snyder has had schizophrenia for over two years with limitations of ability to do basic work activities and an inability to function outside of a highly supported living arrangement. (R. 434)

It may be that Dr. Last's report would satisfy the requirements of Listing 12.03(c)(3), but the ALJ rejected Dr. Last's conclusions. The ALJ found that the evidence does not document "a current history of one or more years' inability to function

---

[4] The Social Security Agency issued Revised Medical Criteria for Evaluating Mental Disorders on September 26, 2016, stating that the rules would go into effect on January 17, 2017. The revised rules apply only to new applications filed on or after January 17, 2017. Consequently, Snyder's claim is governed by the rules in effect at the time his decision was rendered. *See* 81 F.R. 66138, 2016 WL 5341732.

6

outside a highly supportive living arrangement, with an indication of continued need for such an arrangement; or a complete inability to function independently outside of the area of the home." (R. 21) The ALJ discounted Last's opinion, giving it little weight. The ALJ found the opinion to be "without substantial support from the treatment records." (R. 27) For instance, although Last spoke of Snyder's inability to function independently of a highly supportive living arrangement, the record indicated that Snyder lives alone, is able to maintain personal needs and grooming, prepares simple meals, completes household chores, shops in stores, uses public transportation, spends time with others, maintains relationships with family members, pays bills, counts change, handles a savings account, uses a checkbook and / or money orders, and watches television. (R. 24) Further, Last indicated that Snyder had "normal mood and affect, good grooming, normal motor activity, good eye contact, normal speech, normal thought processes, normal thought content, and grossly intact cognition." (R. 27) The ALJ also noted that, although Last had a treating relationship with Snyder, the relationship had been relatively brief. (R. 27) He saw Snyder on only two occasions before authoring his opinion. Additionally, "[m]edical records indicate that the claimant's condition improved with treatment and / or medication." (R. 26)

I find that substantial evidence of record supports the ALJ's decision to reject Last's conclusion in this regard. As such, The ALJ's conclusion that Snyder does not meet Listing 12.03(C)(3) does not present a basis for remand.

   5. <u>Medical Opinions – Treating Physician Rule</u>

Finally, Snyder urges that the ALJ did not comply with the "Treating Physician Rule." The amount of weight accorded to medical opinions is well-established.

Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id*, § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id*, § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, 'where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d)(1), (3); Dixon v. Comm'r. of Soc. Sec., 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions of disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r. of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation for his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r. of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

Here, Snyder contends that "[t]he ALJ's reliance upon the report of the state agency consultant Erin Urbanowicz, Psy.D., to contradict Dr. Joel Last's treating physician's opinions of Plaintiff's schizophrenia is misplaced." *See* Docket No. 10, p. 19.[5] As stated above, substantial evidence supports the ALJ's decision to reject Dr. Last's pronouncements concerning schizophrenia. Last's opinion was at odds with his own treatment records, it was contradicted by Snyder's activities of daily living, and Last had only seen Snyder on a few occasions. These are appropriate reasons for discounting evidence. See 20 C.F.R. § 927(c). Additionally, Last's findings conflicted

---

[5] Snyder does not raise any challenges to the ALJ's treatment of any other medical opinions.

9

with other medical records indicating that Snyder's symptoms improved with treatment and medication. (R. 26)

Simply stated, the ALJ found Dr. Urbanowicz's opinion to be more compelling and gave her opinion "great weight." (R. 25) Dr. Urbanowicz found that Snyder could perform simple, routine, repetitive work in a stable environment; that he could understand, retain, and follow simple job instructions; that he could ask simple questions and accept instructions; and that he could sustain an ordinary routine without any special supervision. (R. 63-64) The ALJ explained that Dr. Urbanowicz was "well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to limitations," and that her opinion was consistent with and supported by the medical and other substantial evidence of record. Again, as stated above, these are appropriate bases for weighing an opinion.

After careful review, I find that substantial evidence supports the ALJ's conclusions. Thus, there is no basis for remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGG LANE SNYDER )
    Plaintiff, )
  )
  -vs- ) Civil Action No. 17-725
  )
NANCY A. BERRYHILL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
  )
    Defendant. )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 23rd day of April, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 9) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 13) is GRANTED.

                BY THE COURT:

                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.